No encontramos en los procedimientos. nada que nos autorice para anularlos, y la causa y los autos deben devolverse á la Corte de Distrito de Ponce, dejándose á ésta libre para proceder en dicha causa, como si no se hubiese expedido el auto de *certiorari*.

*Denegada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.

---

## EX PARTE RAMOS.

### APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 54. Resuelto en diciembre 7, 1905.

RECONOCIMIENTO DE HIJO NATURAL.—PRUEBA DEL RECONOCIMIENTO.—PARTIDAS DE BAUTISMO.—Una partida de bautismo en la que se exprese que el bautizado es hijo natural reconocido de otra persona, pero sin que se afirme que dicha persona hizo tal reconocimiento en presencia del sacerdote que autoriza la partida, ni se certifique que tal reconocimiento tuvo lugar, ni figuren, tampoco, testigos que den fé de dicho reconocimiento, no es un documento suficiente para acreditar el reconocimiento del interesado como hijo natural.

ID.—DECLARACIÓN DE HEREDEROS.—La declaración de herederos á que se refiere el Art. 3 de la Ley Hipotecaria, podrá hacerse solamente en los casos en que las partes interesadas puedan presentar los documentos necesarios que acrediten su carácter como tales herederos, no debiendo admitirse prueba de ninguna otra naturaleza.

ID.—PROCEDIMIENTO PARA PROBAR LA FILIACIÓN.—En los casos en que los interesados carecieren de documentos que acrediten su carácter de herederos, pero puedan justificar su filiación natural mediante otras pruebas, pueden recurrir para ello al procedimiento establecido en el Capítulo III de la Ley sobre procedimientos legales especiales, aprobada en marzo 9, 1905.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Hernández López.*

Abogado del Pueblo: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Se trata de un expediente formado por el notario de Fajardo, señor don José Celestino Schroder, para que por la Corte de Distrito de Humacao se hiciera á favor de Pedro Alcántara, hijo natural de Carmen Ramos, la declaración de heredero abintestato de Aurel Vergé. Ese expediente fué elevado á la mencionada Corte por conducto del notario ya expresado y comprendía un acta levantada en 13 de septiembre de 1902, ante el notario Schroder, con arreglo al art. 3o. de la Ley Hipotecaria por Carmen Ramos para conseguir la declaración de heredero de Aurel Vergé en favor de un hijo natural, Pedro Alcántara, que según ella, había sido reconocido como tal por Aurel Vergé.

Unido á ese documento se acompañó un título escrito de un trozo de terreno de la propiedad de dicho Vergé situado en Vieques; se acompañó también la partida de defunción de dicho Vergé la que se dice haber ocurrido en San Claudio, isla de Guadalupe, el día 19 de febrero de 1889; se presentó además la partida de nacimiento del niño Pedro Alcántara que nació el día 18 de octubre de 1882, en la que se declara estar reconocido como su hijo por el dicho Vergé. A la solicitud sobre declaratoria de heredero hizo oposición el fiscal, y la Corte, después de haberla considerado, resolvió sustancialmente lo siguiente:

Que para determinar el carácter de hijo natural reconocido de una persona es de absoluta presición que conste de una manera explícita y fehaciente el reconocimiento por parte del padre en forma que no deje lugar á duda sin cuyo especial requisito no es posible hacer aplicación de lo dispuesto en la ley de 16 de mayo de 1835 que reco-

noció á los hijos naturales legalmente reconocidos el derecho de herederos abintestato de sus padres.

Se resolvió además que para que exista el reconocimiento de una manera eficaz no basta la simple anotación ó declaración hecha en una partida bautismal, citando el Tribunal las resoluciones del Tribunal Supremo de España con respecto á este punto de 16 de abril de 1864, 28 de junio de 1864 y 18 de marzo de 1873. Por las razones expuestas, la Corte se negó á declarar heredero de su padre Aurel Vergé al hijo natural, y desestimó, por auto de 27 de marzo de 1903, la petición con las costas al peticionario.

El abogado Tomás Bernardini de la Huerta, en representación de Carmen Ramos, interpuso apelación para ante este Tribunal la que fué presentada en esta corte el 12 de junio de 1903, compareciendo ante la misma don Juan Hernández López como abogado del apelante.

Después de varias dilaciones y providencias interlocutorias dictadas en este caso, tuvo lugar la vista el día 2 del pasado mes. En la vista compareció el fiscal de este Tribunal é informó oralmente y por escrito. El abogado don Juan Hernández López informó por escrito, pero no compareció el día de la vista. Después de hacer relación de los hechos el abogado de la apelante sostiene la proposición legal de que los hijos reconocidos como hijos naturales son herederos abintestato del padre de acuerdo con las prescripciones de la ley de 16 de mayo de 1835 aplicables á este caso. Este es el único punto citado por el abogado de la apelante y que hace referencia á las leyes que regulan este caso.

El fiscal de este Tribunal después de exponer ampliamente los hechos del caso hace referencia á la ley antes citada de 16 de mayo de 1835, Ley 11 de Toro, y á las decisiones del Tribunal Supremo de España de 28 de junio de 1864 y 18 de marzo de 1873, procediendo después á

argumentar el caso, discutiendo las autoridades legales á que se ha hecho referencia; admite que Pedro Alcántara sería el heredero de Aurel Vergé, á falta de otros herederos capaces, si hubiera sido legalmente reconocido, y llama la atención al hecho de que la única prueba de reconocimiento presentada fué la partida de bautismo, la que no considera suficiente. El fiscal alega que la legislación anterior á la ley 11 de Toro no prescribe de modo explícito la manera como ha de hacerse el reconocimiento de un hijo natural, si este reconocimiento debe ser tácito ó expreso; pero más tarde las resoluciones de los Tribunales hacen desaparecer estas dudas, estableciendo que dicho reconocimiento no necesita ser expreso y que puede probarse por cualquiera de los medios de prueba que la ley determina. El fiscal sostiene además que la circunstancia de que la finca que se dice de la propiedad del señor Vergé, según la escritura que se acompaña á la solicitud, no resulta identificada por las manifestaciones de los testigos que declararon, no debería tener influencia alguna en el resultado de este caso, toda vez que en él no se trata sino de la condición de heredero que pueda tener el peticionario.

La Corte de Distrito tenía indudablemente jurisdicción para tramitar este expediente, toda vez que la isla de Vieques, en donde está situada la propiedad y donde reside el peticionario, se encuentra comprendida en la jurisdicción territorial de aquella corte. El fiscal termina indicando al Tribunal que la sentencia dictada por la Corte de Distrito debe confirmarse.

Consideremos si la prueba de reconocimiento presentada del hijo ilegítimo por su padre intestato, es suficiente. Esta prueba descansa toda en la partida de bautismo de Pedro Alcántara, documento autorizado solamente por el cura párroco de Vieques que administró el bautismo. Se consigna que Pedro Alcántara es hijo recono-

cido dé Aurel Vergé, pero no se expresa que éste hiciera
tal reconocimiento á presencia del párroco, ni dicho pá-
rroco certifica que ese reconocimiento hubiera sido hecho
por Aurel Vergé, ni hay testigo que así lo justifique
asistiendo al acto del reconocimiento. En nuestra opi-
nión la prueba de reconocimiento suministrada no es su-
ficiente y no da derecho á Pedro Alcántara para que se le
declare heredero abintestato de Aurel Vergé, propietario
que fué de la finca descrita y que se halla situada en la
isla de Vieques.

Sostiene esta opinión las referencias hechas por la cor-
te inferior y por el fiscal de este tribunal, y las resolucio-
nes citadas del Tribunal Supremo de España.

Entendemos, sin embargo, que la declaración de here-
deros con arreglo al artículo 3o. de la Ley Hipotecaria
sólo puede hacerse cuando los interesados hayan podido
presentar al notario los documentos necesarios para ha-
cer aquella declaración, sin que sean admisibles otras
pruebas; pero cuando faltan documentos justificados de
la calidad de herederos, como sucede en el presente caso,
y pudieran suministrarse otras pruebas para acreditar
la filiación natural, no vemos inconveniente en que se acu-
da al procedimiento que establece el capítulo 3o. de la Ley
referentes á procedimientos legales especiales, aprobada
en 9 de marzo del corriente año. Véase Leyes de 1905
p. 218.

Por las razones expuestas, procede se confirme la resolu-
ción dictada por la Corte de Distrito de Humacao en 27
de marzo de 1903, con las costas á la parte apelante; sin
perjuicio del derecho que asista á Pedro Alcántara para
formular su pretensión en los términos proveídos por
la ley referente á procedimientos legales especiales, apro-
bada en 9 de marzo del corriente año, arriba mencionada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.